**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNION HOME MORTGAGE CORP.,** | ) | **CASE NO.  1:23 CV 00996** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **EVERETT FINANCIAL INC., dba,** | ) | |
| **SUPREME LENDING, et al.,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Defendants.** | ) | **AND ORDER** |

This matter is before the Court on Plaintiff Union Home Mortgage Corp.'s ("Union

Home Mortgage") *Motion for Limited Expedited Discovery* (ECF #10), filed on June 1, 2023.

Defendants Everett Financial Inc. (dba Supreme Lending), and individual Defendants Andrew

Kyle Tuttle, James Fisher, Kathryn Henry, and Ryan Larson (collectively "Defendants") filed an

opposition to the motion on June 15, 2023 (ECF #16).  Union Home Mortgage filed a reply on

June 23, 2023 (ECF #17).

For the reasons stated below, Plaintiff Union Home Mortgage's *Motion for Limited

Expedited Discovery* is DENIED.

This case is an employment dispute between two competitors in the mortgage lending

industry, and specifically about four employees who moved from one of the competitors (Union

Home Mortgage) to the other (Everett Financial, dba Supreme Lending, hereinafter referred to as

"Supreme Lending").  At its essence, it is a case alleging "wrongful recruitment" by Supreme Lending of individual Defendants Tuttle, Fisher, Henry, and Larson, each of whom are former employees of Union Home Mortgage.  (ECF #1, *Verified Complaint for Injunctive Relief and Damages*).  The *Verified Complaint* was not accompanied by a motion for injunctive relief, nor has a hearing been set.

Federal Rule of Civil Procedure 26(d)(1) governs the timing of discovery, and provides that:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FED. R. CIV. P. 26(d)(1).

This case is not of any of the types described in Federal Rule of Civil Procedure 26(a)(1)(B); early discovery is not otherwise authorized by the Rules of Civil Procedure; nor has a stipulation for such early discovery been entered into between the parties.

A Case Management Conference in the case is set for July 11, 2023, at 9:30 am before this Court.  (ECF #9, *Case Management Scheduling Order*).

Courts within the Sixth Circuit have generally limited expedited discovery to circumstances showing "good cause."  *See, e.g., Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 U.S. Dist. LEXIS 221148, at *7 (E.D. Mich. Mar. 31, 2017) (citing *Fabreeka Int'l Holdings, Inc. v. Haley*, No. 15-12958, 2015 U.S. Dist. LEXIS 116007, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015)); *Russell v. Lumpkin*, No. 2:10-CV-00314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010).  Under this standard, a party seeking expedited discovery must demonstrate the need to deviate from the normal timing of discovery.  *Arab Am. Civil Rights*

-2-

*League*, 2017 U.S. Dist. LEXIS at *7.

Factors to consider on whether to grant a motion for early discovery under a "good cause" standard generally include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request is made." *Arab Am. Civil Rights League*, 2017 U.S. Dist. LEXIS at *7 (citing *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 455-56 (D.S.D. 2014); *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011)). Another important factor to consider is "whether the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arab Am. Civil Rights League*, 2017 U.S. Dist. LEXIS at *7 (quoting *Fabreeka Int'l Holdings*, 2010 U.S. Dist. LEXIS 54990, 2015 WL 5139606, at *5).

Considering these factors, Plaintiff Union Home Mortgage's motion does not compel an order granting expedited discovery.

As to the first factor, whether a preliminary injunction hearing is pending, there is not. Nor has a motion for preliminary injunction been filed. This is not itself dispositive of whether expedited discovery should be allowed, *see Hydropartners, LLC v. Econergy Energy Generation Ltd.*, No. 1:08-CV-00819, 2008 WL 1775411, at *2 (N.D. Ohio Apr. 16, 2008); *Arab Am. Civil Rights League*, 2017 U.S. Dist. LEXIS at *8, but an examination of the *Verified Complaint* shows that is focused almost solely on alleged past misconduct – that the individual Defendants failed to repay bonus payments (Count I) (ECF #1, PageID #13, ¶¶ 80-86), and that Defendants Tuttle and Supreme Lending improperly induced a team of approximately 50 Union Home Mortgage employees to leave Union Home Mortgage to join Supreme Lending in the Spring of

-3-

2023 (Counts II, III, IV, and V). (ECF #1, PageID #13-16, ¶¶ 87-112). While the *Verified Complaint* does include a few concluding paragraphs titled "Preliminary and Permanent Injunctive Relief" (ECF #1, PageID #16-17, ¶¶ 113-120), the fact assertion paragraphs of the complaint identify only past "wrongful solicitation conduct," and there are no specific fact assertions that any of the former Union Home Mortgage employees are presently soliciting Union Home Mortgage's customers or misusing Union Home Mortgage's confidential information. This factor weighs against granting Union Home Mortgage's motion.

As to the second factor, the breadth of the expedited discovery requests, this factor too weighs against granting the motion. Unlike the circumstances presented in cases such as *Hydropartners, LLC*, 2008 WL 1775411, at * 1 (seeking a single Rule 30(b)(6) deposition), *Russell*, 2010 WL 1882139, at *1 (seeking a single deposition of Defendant limited to the issues raised by identified documents attached to the complaint), here, Plaintiff's discovery requests are comprised of, respectively, six broad interrogatories, ten full-scope Requests for Production, and eight Requests for Admission directed to the individual Defendants (ECF #10, Exh. A, PageID #115-127), and 10 broad interrogatories and 10 full-scope Requests for Production directed to Supreme Lending (ECF #10, Exh. B, PageID #130-142). This does not represent "limited discovery." Plaintiff Union Home Mortgage's *Proposed Order*, attached to its motion, further asks this Court to order that "Defendants shall respond to the Initial Discovery, in full and without evasion, within fourteen (14) days of service" (ECF #10, PageID #144), the language of which implies Court approval of each of the broad discovery requests, as well as the significantly-shortened time frame for response. This factor clearly weighs against granting Union Home Mortgage's motion.

-4-

As to the third factor, the purpose of the request, given that there is neither a pending motion for preliminary injunction nor a hearing set for one, and that the *Verified Complaint* does not appear to identify specific future urgent and irreparable harm by any of the individual Defendants, or Supreme Lending beyond the fact that other former Union Home Mortgage employees have left Union Home Mortgage to join Supreme Lending, this factor is at best neutral in light of Union Home Mortgage's motion, and more likely favors denial of the motion.

As to the fourth factor, the burden to comply, this factor has already been addressed in the Court's evaluation of the second factor, noting the essentially full-breadth discovery sought under a curtailed time-line for response.  It does not favor granting Union Home Mortgage's motion.

The fifth factor, how far in advance of the typical discovery process the request was made is essentially neutral.  The parties are presently set for a Case Management Conference before the Court on July 11, 2023 to set a discovery schedule, after which discovery in the normal course is expected to commence (ECF #9).

Finally, as to the overarching consideration in determining whether "good cause" exists for granting expedited discovery, in effect, "whether 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party,'" *Arab Am. Civil Rights League*, 2017 U.S. Dist. LEXIS at *7 (citation omitted), this consideration too weighs against Union Home Mortgage's motion for each of the reasons earlier stated.

Accordingly, for each of these reasons, Plaintiff Union Home Mortgage Corp.'s *Motion for Limited Expedited Discovery* (ECF #10) is DENIED.

A Case Management Conference is presently set for Tuesday, July 11, 2023, at 9:30 am, to be held telephonically before the Court (ECF #9).  Counsel are instructed to first initiate a

-5-

conference call with all parties connected, and then contact the Court.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _____